FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10317 |
| Plaintiff - Appellee, | D.C. No. 2:10-CR-90-GEB |
| v. | MEMORANDUM[*] |
| GABRIEL BENJAMIN JOHNSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior United States District Judge, Presiding

Argued and Submitted June 12, 2013
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and SINGLETON, District Judge.[**]

Gabriel Johnson appeals the district court's denial of his motion to suppress evidence obtained from the search of a house, arguing that the officers lacked probable cause to believe that he resided there. This Court reviews de novo a district court's denial of a motion to suppress. *United States v. Grant*, 682 F.3d 827, 832 (9th Cir. 2012).

Johnson argues that the district court erred in determining that there was probable cause to believe he lived at the house because it considered evidence officers obtained after the officers entered the backyard of the house through a neighbor's adjoining backyard. Johnson argues that the search began when the officers entered the backyard, and that the officers lacked probable cause at that time to believe that Johnson lived there.

The government does not argue that the officers had probable cause to believe that Johnson lived at the residence when they entered the backyard. Rather, the government asserts that entry into the backyard did not constitute a search under the "knock and talk" doctrine. *See United States v. Washington*, 387 F.3d 1060, 1063 n.2 (9th Cir. 2004). In the alternative, the government argues that

---

[**] The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

2

entry into the backyard was permissible "because the back and east side yard of [the house] were common areas and apparently open to the public, [such that] the officer's [sic] did not violate Johnson's reasonable expectation of privacy by entering them."

Because the record does not indicate that the enclosed backyard was in common use by the public, it is part of the curtilage of the residence, and, because the officers' entry was "not consistent with an attempt to initiate consensual contact with the occupants of the home," the knock and talk exception does not excuse the officers' warrantless entry. *See United States v. Perea-Rey*, 680 F.3d 1179, 1188-89 (9th Cir. 2012). Consequently, the motion to suppress should have been granted. *See United States v. Howard*, 447 F.3d 1257, 1265-66 (9th Cir. 2006).

Therefore, we **REVERSE** Johnson's conviction and **REMAND** with instructions to grant the Defendant's motion to suppress.